# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER A. APALATEGUI,

    Petitioner,

v.                                                        No. 1:16-cv-479 MV/SCY

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF TRANSFER

This matter is before the Court, *sua sponte* under Habeas Corpus Rule 4, on the Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 8-1).[1] Petitioner contends the enhancement of his sentence under the Armed Career Criminal Act ("ACCA") is invalid pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, the Court will transfer Petitioner's motion to the United States Court of Appeals for the Tenth Circuit.

On February 12, 2013, Petitioner pled guilty to possessing a firearm and ammunition after having been convicted of prior felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* CR Doc. 36. The Court (Hon. Robert Brack) held a sentencing hearing on November 26, 2013. *See* CR Doc. 40. Due to his prior violent felony convictions, Petitioner was designated an armed career criminal under ACCA and received the mandatory minimum sentence of fifteen years' incarceration for the gun charge. *See* CR Doc. 53 at 4, 11, 18. The Court entered Judgment on Petitioner's conviction and sentence on December 2, 2013. *See* CR Doc. 41.

On October 22, 2014, Petitioner filed his first habeas corpus petition under 28 U.S.C. §

---

[1] References to "CV Doc." are to documents filed in the civil case, 1:16-cv-479 MV/SCY, and references to "CR Doc." are to documents filed in the criminal case, 2:12-cr-02903 RB.

2255. *See* CR Doc. 44. He challenged the ACCA enhancement, and in particular his designation as an armed career criminal. *Id.* The Court dismissed the § 2255 motion on May 29, 2015. *See* CR Docs. 56-58. Less than a month later on June 26, 2015, the Supreme Court issued its ruling in *Johnson.*

Petitioner filed the second habeas corpus petition (which was initially docketed under 28 U.S.C. § 2254) on May 23, 2016. *See* CV Doc. 1. Counsel was appointed in the spring of 2017. *See* CV Docs. 4, 6. Petitioner, through counsel, filed an amended habeas corpus motion under 28 U.S.C. § 2255 on May 16, 2017. *See* CV Doc. 8-1. He again challenges the ACCA enhancement in light of *Johnson*; asks to have his federal sentence run concurrent with his state sentence; and argues that his criminal counsel rendered ineffective assistance. *Id.*

Petitioner recognizes that the "district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). *See also* § 2255(h) (requiring a second or successive motion to be certified by the appropriate court of appeals). Petitioner therefore asks the Court to transfer the motion to the Tenth Circuit "in the interest of justice … under § 1631." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A meritorious second or successive motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Johnson* announced a new rule of law, holding that the residual clause of the Armed Career Criminals Act ("ACCA") was unconstitutionally vague. The decision was issued on June 26, 2015 and was made retroactively applicable to cases on collateral review. Petitioner's original submission was filed within one year, as required by § 2255(f)(3). *See also Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (holding that if the United States Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision in which to file his § 2255 motion"). Further, the Court is satisfied that the claims raised in the § 2255 motion are likely to have merit and were filed in good faith. *See In re Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016) (holding that a challenge to a "career-offender sentence is sufficiently based on Johnson to permit authorization under § 2255(h)(2)"). The Court will therefore transfer Defendant's § 2255 amended motion to the United States Court of Appeals for the Tenth Circuit in the interest of justice.

IT IS THEREFORE ORDERED that the Clerk is directed to TRANSFER Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 8-1) to the United States Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE